IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CRAIG MARTEN**             | CIVIL ACTION |
| **Plaintiff,** | |
| | NO. 03-6734 |
| vs. | |
| | |
| **HAROLD GODWIN, ET AL.** | |
| **Defendant.** | |

**MEMORANDUM AND ORDER**

Tucker, J.                                                                                              December _____, 2005

Presently before the Court is Defendants' Motion for Summary Judgment (Doc. 27). For the reasons set forth below, upon consideration of the parties' arguments, the entire record, and the applicable law, the Court is of the opinion that the Defendants' Motion for Summary Judgment should be GRANTED.

**BACKGROUND**

Plaintiff, Craig Marten ("Marten"), a resident of the Commonwealth of Pennsylvania ("Commonwealth"), brings this action for defamation and First and Fourteenth Amendment constitutional violations pursuant to 42. U.S.C. § 1983. Defendant Harold Godwin ("Godwin") is a Kansas resident and a professor at the University of Kansas School of Pharmacy. Defendant James Kleoppel ("Kleoppel") is a Missouri resident and clinical instructor in the University of Kansas School of Pharmacy. Defendant Ronald Ragan ("Ragan") is a Kansas resident and the director of the non-traditional pharmacy program at the University of Kansas. Defendant

1

University of Kansas (the "University") is a major university operated by the State of Kansas Board of Regents offering a Non-Traditional Pharm.D ("NTPD") program through its School of Pharmacy.

In the spring of 2001, Plaintiff, a licensed pharmacist, applied to the University for admission into the NTPD program. Plaintiff became aware of the program through the University's website. The NTPD program provides online courses accessed through the Internet allowing students to complete the entire NTPD program in their respective "home region" without ever having to travel to the University.

In August 2001, Plaintiff was accepted into the University's NTPD program. During the Spring of 2002, after taking and passing two courses, Marten presented his concerns about the NTPD program to Defendant Ragan, the program director. On or about May 9, 2002, Plaintiff allegedly contacted the Dean of the University to complain about Defendant Ragan's unresponsiveness. Subsequently, Plaintiff alleges that Ragan threatened to have Plaintiff expelled from the NTPD program. In response, Plaintiff reported Defendant Ragan's actions to the University Ombudsman and to the Better Business Bureau. Plaintiff claims that, in retaliation, Defendants Godwin and Kleoppel, conspired to accuse him of plagiarism.

On December 20, 2002, Plaintiff was expelled from the NTPD program for alleged plagiarism. Plaintiff contends that Defendants' conduct deprived him of his First and Fourteenth Amendment constitutional rights when Defendants, in retaliation for Plaintiff's complaints, falsely accused of him of plagiarism and expelled him from the University. Plaintiff further contends that Defendants' statements regarding Plaintiffs alleged academic misconduct were false, defamatory, and malicious.

Plaintiff seeks reinstatement into the University's NTPD program, compensatory and punitive damages, and other relief as the Court deems just and proper.  Plaintiff also demands judgment in his favor and against Defendants, jointly and severally, in an amount in excess of $150,000, together with interest and cost of suit.

## **STANDARD OF REVIEW**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(C).  An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A factual dispute is "material" if it might affect the outcome of the case under governing law. *Id.*

A party seeking summary judgment always bears the initial responsibility for informing the district court of the basis of its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Where the non-moving party bears the burden of proof on a particular issue at trial, the movant's initial *Celotex* burden can be met simply by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case." *Celotex*, 477 U.S. at 325.  After the moving party has met its initial burden, "the adverse party's response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial."  *Id.*  That is, summary judgment is appropriate if the non-moving party fails to

rebut by making a factual showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "[I]f the opponent [of summary judgment] has exceeded the 'mere scintilla' [of evidence] threshold and has offered a genuine issue of material fact, then the court cannot credit the movant's version of events against the opponent, even if the quantity of the movant's evidence far outweighs that of its opponent." *Big Apple BMW, Inc. v. BMW of North America, Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992). The court must view the evidence presented in the light most favorable to the opposing party. *Anderson*, 477 U.S. at 255.

## DISCUSSION

A.   Jurisdiction

Rule 4(e) of the Federal Rules of Civil Procedure authorizes a federal district court to exercise personal jurisdiction over nonresident defendants like Godwin, Ragan, Kloeppel and the University to the "extent permissible under the law of the state where the district court sits." *Mellon Bank (East) PSFS, Nat'l Assoc. V. Farino*, 960 F.2d 1217, 1221 (3d Cir. 1992); accord *North Penn Gas v. Corning Natural Gas*, 897 F.2d 687, 689 (3d Cir.) (per curiam), *cert. denied*, 498 U.S. 847 (1990). Under the Commonwealth's long-arm statutes,[1] there are two potential bases for the exercise of personal jurisdiction over a nonresident defendant: general jurisdiction and specific jurisdiction. *See* 42 PA. CONS. STAT. ANN. § 5322 (b). Thus, the Commonwealth's

---

[1] Pennsylvania's long-arm statute states: "personal jurisdiction shall extend to all persons...to the fullest extent allowed under the Constitution of the U.S. and may be based on the most minimum contact with this Commonwealth..." 42 Pa. Cons. Stat. Ann. § 5322 (b). Due to Pennsylvania's broad long-arm statute, a Court can have jurisdiction over defendants based on very minimal contacts.

long-arm statutes are "coextensive with the due process clause of the United States Constitution," *Time Share Vacation Club v. Atlantic Resorts Ltd.*, 735 F.2d 61, 63 (3d Cir. 1984), and ultimately permits jurisdiction so long as the nonresident has sufficient minimum contacts with the Commonwealth and the Court's exercise of personal jurisdiction over the nonresident comports with "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *Dollar Savings Bank v. First Sec. Bank of Utah*, 746 F.2d 208, 213 (3d Cir. 1984).

In their Motion for Summary Judgment, Defendants assert the Court lacks personal jurisdiction in this case because none of the nonresident Defendants enjoys continuous and substantial affiliations with the Commonwealth or has purposefully availed him or itself of the privilege of conducting activities within the Commonwealth.[2]

In order to have proper personal jurisdiction over nonresidential defendants who committed an intentional tort outside the forum, the Third Circuit requires satisfaction of a three prong test. *IMO Indus., Inc. v. Keikert AG*, 155 F.3d 254, 256 (3d Cir. 1998). First, the defendant must have committed an intentional tort. *Id.* Second, the plaintiff must have felt the brunt of the harm caused by that tort in the forum such that the forum can be said to be the focal

---

[2] Once a defense challenging personal jurisdiction has been raised, the plaintiff bears the burden of proving by a preponderance of the evidence, by way of affidavits and otherwise, that the defendant did have sufficient forum contacts for the court to exercise personal jurisdiction. *Mellon Bank*, 960 F.2d at 1217; *Cateret Savings Bank v. Shushan*, 954 F.2d 141, 146 (3d. Cir.), *cert denied*, 506 U.S. 817 (1992). To meet this burden, the plaintiff must demonstrate that either (1) the particular cause of action sued upon arose from the defendant's activities in the forum state ("specific jurisdiction"), or (2) that the defendant has "continuous and systematic" contact with the forum state ("general jurisdiction"). *Helicopeteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 404, 414 n. 9 (1984); *Gehling v. St. Georges's School of Medicine Ltd.*, 773 F.2d 539, 541 (3d Cir. 1985).

point of the harm suffered by the plaintiff as a result of the tort. *Id.* Third, the defendant must have expressly aimed his tortious conduct at the forum such that the forum can be said to be the focal point of the tortious activity. *Id.* (applying Pennsylvania law).

Defendants argue that the plagiarism related to work submitted to the NTPD in Kansas, Plaintiff's work product was evaluated in Kansas, the assessment of Plaintiff's alleged plagiarism occurred in Kansas, Plaintiff's complaint to the Better Business Bureau was made to the Northeast Bureau in Kansas and the expulsion from the University's NTPD program occurred in Kansas. Defendants assert that for these reasons, Plaintiff cannot show that the focal point of the alleged harm was in the Commonwealth nor that the tortious harm was aimed at the Commonwealth.

Plaintiff claims that each of the three criteria is satisfied. Plaintiff claims satisfaction of the first prong because the Defendants do not contest the intentional tort alleged in Plaintiff's Amended Complaint. (Plf. Ans. Def. Mot. Summ. J. 6) Plaintiff asserts satisfaction of the second criteria because "the place where Plaintiff took the courses offered in the NTPD program and the place where he suffered his injuries occurred entirely within this judicial jurisdiction." *Id*. Finally, Plaintiff alleges that Defendants, aware of the fact that Plaintiff was enrolled in the NTPD program and taking his course load over the internet through the University's "correspondence" program from Pennsylvania, aimed their tortious conduct at him in Pennsylvania. *Id.*

This Court does not agree. Plaintiff relies on bare, unsubstantiated allegations without proffering any evidence as required by Pennsylvania law. Moreover, Plaintiff improperly relies on the Court's prior determination on the pleadings when the present determination requires

evidence.  In granting Defendants' Motion for Summary Judgment, the Court does not reach the merits regarding whether it has jurisdiction in this case over nonresident Defendant because Plaintiff has not satisfied his burden of proof under the law.  Furthermore, the Court does not reach the merits of the case.

## **CONCLUSION**

After careful review of the record, for the foregoing reasons, the Court concludes that Defendants' Motion for Summary Judgment is GRANTED.  An appropriate Order follows.